UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONE STOP MAILING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NAMECHEAP, INC.<br><br>and<br><br>DOES 1-XX,<br><br>    Defendants. | Case No. 1:21-cv-0348 |

**COMPLAINT FOR WILLFUL INFRINGEMENT**

Plaintiff One Stop Mailing LLC ("OSM" or "Plaintiff") states as follows for its Complaint For Willful Infringement against Defendants Namecheap, Inc. ("Namecheap") and Does 1-XX ("the Doe Defendants") (collectively, "Defendants"):

**Nature of the Action**

1. Defendant Namecheap is knowingly hosting a sham website operated by the Doe Defendants that is deceiving prospective customers of Plaintiff OSM into falsely believing that the Doe Defendants are in fact Plaintiff OSM.

2. On information and belief, the Doe Defendants created this infringing website in order to trick these prospective customers into paying the Doe Defendants upfront shipping fees for services that the Doe Defendants never provide.

3. Because these deceived consumers erroneously believe they are dealing with Plaintiff OSM, OSM is blamed for Defendants' misconduct, which will cause lasting harm to OSM's reputation if Defendants' infringement is not immediately stopped.

4. The Infringing Website rips off, wholesale, significant portions of OSM's website and the intellectual property contained thereon, including OSM's federally registered trademarks and its copyrighted photographs.

5. This has already caused confusion amongst OSM's existing customers. Further, there is no telling how many unknowing prospective customers of OSM have already paid Doe Defendants for services, likely to never receive any actual services in exchange for such payments.

6. Defendant Namecheap has been notified on multiple occasions about this fraudulent activity, and the blatant, willful infringement that is precipitating it, but has not taken action or otherwise been responsive to OSM's urgent requests for action.

7. Because Namecheap has actual notice of (i) OSM's federally registered trademarks and OSM's copyrights and (ii) the willful infringement of them by the Infringing Website, Namecheap's continued hosting of the Infringing Website makes Namecheap liable for the Doe Defendants' willful infringement and other unlawful conduct.

8. If action is not taken immediately, innocent customers will continue to be tricked into paying money to the Doe Defendants, likely to never receive any services in exchange for such payments. OSM is harmed by Defendants' conduct, because these customers are paying and being cheated by someone they incorrectly believe to be OSM, thus irreparably damaging the near-two decades of goodwill and reputation that OSM has cultivated.

**Parties**

9. Plaintiff OSM is an Illinois limited liability company with its principal place of business in Glendale Heights, Illinois, which is in this judicial district.

10. Defendant Namecheap is a Delaware corporation with its principal place of business in Phoenix, Arizona.

11. On information and belief, the Doe Defendants are owners, employees, associates, affiliates, agents, and/or operators of the website www.optimumshippingexpress.com ("the Infringing Website"). The Doe Defendants purport to be an Australian company providing domestic and international shipping services. The Infringing Website was registered by proxy through the company NameSilo, LLC, thus hiding from the public its actual owner(s). Namecheap is the webhost of the Infringing Website.

12. On information and belief, the Doe Defendants are not operating a legitimate shipping company, but rather are infringing Plaintiff's OSM mark in an attempt to trick consumers into paying the Doe Defendants "advances" on shipping services which are never provided. On information and belief, an essential part of Doe Defendants' scheme is the use of OSM's trademarks and copyrights, and the suggestion that they are the same or affiliated with OSM, because prospective "customers" (*i.e.*, the targets of the Doe Defendants' fraudulent scheme) recognize and trust OSM.

**Jurisdiction and Venue**

13. This Court has original subject matter jurisdiction over Count I and II of this action under 28 U.S.C. § 1331 and 1338 because the claims arise out of the Lanham Act under 15 U.S.C. §§ 1114 and 1125. This Court has supplemental jurisdiction over OSM's remaining claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims asserted in Count I and II as to form part of the same case or controversy.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to OSM's claims (*i.e.*, Defendants' trademark infringement) occurred in this district.

**Factual Background**

*A.      OSM's Business*

15. Since its creation in 2003, OSM has become a leading provider of domestic and international parcel delivery solutions.

16. OSM is recognized in business as a leading shipping and logistics company, developing a reputation for reliable, rapid, and economical delivery of parcel packages worldwide.

17. OSM has received industry and business community acclaim for its rapid growth over the past decade, and has developed state-of-the-art facilities throughout the United States.

18. As a result of its significant investment of time and resources, the OSM brand has become well-known in the industry.



**B. OSM's Trademarks**

19. OSM owns the following federal trademark registrations (collectively, "the OSM Marks"):

| Trademark | Registration Number |
|---|---|
| OSM | 5,316,616 |
| OSM WORLDWIDE | 5,334,150 |
| OSM PREMIUM NETWORK | 4,383,203 |
| OSM worldwide (logo) | 5,334,152 |

20. OSM has spent substantial resources and time marketing its business under the OSM Marks, including on extensive advertising and promotional efforts, and has built up considerable goodwill associated with OSM and the OSM Marks.

**C. Defendants' Willful Infringement of the OSM Marks**

21. In January 2021, OSM learned of the existence of the Infringing Website, and that this website was filled with egregious misappropriation and infringement of OSM's intellectual property, including the OSM Marks.

22. Defendants have copied verbatim on the Infringing Website numerous aspects of OSM's website, including OSM's copyrighted photographs, text, and OSM's trademarks, including the OSM Marks.

23. Defendants' copying makes it appear that the Infringing Website is a website of or affiliated with Plaintiff OSM, which it is not.

24. On information and belief, Defendants' copying is designed to lure consumers into paying money to Defendants based on the consumers' mistaken belief that Defendants are Plaintiff OSM, which they are not.

25. As an illustration of Defendants' copying, the following side-by-side comparison shows OSM's "About Us" page next to the "About Us" page of the Infringing Website.



26. In the example above, the photographs, text, look-and-feel, and trademarks, including OSM's ⬛ trademark (Reg. No. 5,334,152) are all ripped off by the Doe Defendants on the Infringing Website.

27. There are countless other examples of this type of misappropriation and egregious infringement of OSM's trademarks and copyrights on the Infringing Website.

28. Defendants' infringement vis-à-vis the Infringing Website is willful, blatant, and rampant.

---

[1] https://www.osmworldwide.com/about-us/
[2] https://www.optimumshippingexpress.com/about-us/

D.     *Defendant Namecheap Has Ignored All of OSM's Demands to Remove The Infringing Website*

29.     On information and belief, Defendant Namecheap hosts the Infringing Website on its servers, as indicated on the WHOIS record below.

> **Whois Record for OptimumShip...Express.com**
>
> **— Domain Profile**
>
> | | |
> |---|---|
> | Registrant | Domain Administrator |
> | Registrant Org | See PrivacyGuardian.org |
> | Registrant Country | us |
> | Registrar | NameSilo, LLC<br>IANA ID: 1479<br>URL: https://www.namesilo.com/, http://www.namesilo.com<br>Whois Server: whois.namesilo.com<br>abuse@namesilo.com<br>(p) 14805240066 |
> | Registrar Status | clientTransferProhibited |
> | Dates | 33 days old<br>Created on 2020-12-17<br>Expires on 2021-12-17<br>Updated on 2020-12-18 |
> | Name Servers | DNS1.NAMECHEAPHOSTING.COM (has 1,012,400 domains)<br>DNS2.NAMECHEAPHOSTING.COM (has 1,012,400 domains) |
> | Tech Contact | Domain Administrator<br>See PrivacyGuardian.org<br>1928 E. Highland Ave. Ste F104 PMB# 255,<br>Phoenix, AZ, 85016, us<br>pw-a3ebad32fc49cc173a32462c5591254a@privacyguardian.org<br>(p) 13478717726 |
> | IP Address | 68.65.123.182 - 589 other sites hosted on this server |
> | IP Location | - Georgia - Atlanta - Namecheap Inc. |
> | ASN | AS22612 NAMECHEAP-NET, US (registered Jun 21, 2011) |
> | Domain Status | Registered And Active Website |
> | Hosting History | 1 change on 2 unique name servers over 1 year |

30.     Shortly after learning of the Infringing Website, OSM informed Defendant Namecheap that the Infringing Website was replete with the misappropriation and flagrant infringement of the OSM Marks and copyrights.

31.     On January 11, 2021, OSM sent a letter to Namecheap demanding that the Infringing Website be taken down by January 13, 2021 due to the willful infringement of the OSM

Marks and copyrights. OSM communicated the seriousness of the matter due to the fraud Defendants are perpetrating on the public by virtue of their infringement. *See* Exhibit A.

32. Namecheap did not respond to OSM's demand.

33. On January 14, 2021, OSM sent another letter to Namecheap, again demanding the website be taken down by January 15, 2021. *See* Exhibit B.

34. Namecheap has not responded to these letters, and the Infringing Website remains actively infringing OSM's intellectual property, and continuing to defraud the public.

35. By having knowledge of the Infringing Website, and failing or refusing to take action to take down the Infringing Website that it is hosting, Namecheap is participating in the willful infringement of the OSM Marks and is liable as a contributory infringer.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. §§ 1114, 1116)

36. OSM re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

37. OSM owns U.S. Registration No. 5,316,616 for the mark "OSM" in connection with order fulfillment services.

38. OSM owns U.S. Registration No. 5,334,150 for the mark "OSM WORLDWIDE" in connection with order fulfillment services.

39. OSM owns U.S. Registration No. 5,334,152 for the mark [OSM worldwide logo] in connection with order fulfillment services.

40. OSM owns U.S. Registration No. 4,383,203 for the mark "OSM PREMIUM NETWORK" in connection with postal services, namely, presorting, stuffing, sealing, postage metering, bundling, and delivering mail to post office.

41. These registrations constitute evidence of the validity of the OSM Marks, of OSM's ownership of the marks, and of the exclusive rights to use the marks under 15 U.S.C. § 1115.

42. Defendants have actual knowledge of the OSM Marks and Plaintiff OSM's rights in the OSM Marks.

43. Without authorization or consent, the Infringing Website bears marks that are reproductions, counterfeits, copies, or colorable imitations of the OSM Marks to the consuming public in direct competition with the offering of OSM's authentic goods or services, in or affecting interstate commerce, in violation of 15 U.S.C. § 1114 and § 1116.

44. Defendants' use of the OSM Marks in connection with order fulfillment services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with OSM, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by OSM.

45. Defendants' conduct is causing immediate and irreparable injury to OSM, its goodwill and reputation, and will continue to damage OSM and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

46. In addition to preliminary and permanent injunctive relief, OSM is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C. §1117(b).

47. OSM is further entitled to an Order directing that everything in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable

imitations of the OSM Marks be delivered up to OSM and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

48. OSM re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

49. OSM owns U.S. Registration No. 5,316,616 for the mark "OSM" in connection with order fulfillment services.

50. OSM owns U.S. Registration No. 5,334,150 for the mark "OSM WORLDWIDE" in connection with order fulfillment services.

51. OSM owns U.S. Registration No. 5,334,152 for the mark ![OSM worldwide logo] in connection with order fulfillment services.

52. OSM owns U.S. Registration No. 4,383,203 for the mark "OSM PREMIUM NETWORK" in connection with postal services, namely, presorting, stuffing, sealing, postage metering, bundling, and delivering mail to post office.

53. OSM has continuously used the OSM Marks in connection with order fulfillment services since at least as early as 2009.

54. On information and belief, Defendants know of OSM's rights in the OSM Marks.

55. Defendants' use of the OSM Marks in connection with order fulfillment services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with OSM, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by OSM, and in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and geographical origin of Defendants' goods, services, and commercial activities.

56. Defendants' use of the OSM Marks constitutes false representations, false descriptions, and false designations of origin of their goods and services.

57. As a result of Defendants' unauthorized uses of reproductions, counterfeits, copies, or colorable imitations of the OSM Marks, the consuming public and trade is likely to believe that Defendants' services have are or have been approved by OSM, and such use falsely represents Defendants as being legitimately affiliated, connected, or associated with or authorized by OSM and places OSM's valuable and hard-earned reputation and goodwill in the hands of the Defendants in violation of 15 U.S.C. § 1125(a).

58. Defendants' conduct is causing immediate and irreparable injury to OSM, its goodwill and reputation, and will continue to damage OSM and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

59. In addition to injunctive relief, OSM is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C. § 1117(b). OSM reserves the right to seek statutory damages pursuant to 15 U.S.C § 1117(c).

60. Upon information and belief, Defendants were aware of OSM's prior use and registration of the OSM Marks, making Defendants' actions willful.

61. OSM is further entitled to an Order directing that everything in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of OSM's registered marks be delivered up to OSM and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/et seq.)

62. OSM re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

63. OSM has continuously used the OSM Marks in connection with order fulfillment services since at least as early as 2009.

64. On information and belief, Defendants know of OSM's rights in the OSM Marks.

65. Defendants' use of the OSM Marks in connection with order fulfillment services has caused, and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection or association with OSM.

66. Defendants' use of the OSM Marks in connection with order fulfillment services constitutes a representation that Defendants' Infringing Website has sponsorship, approval, characteristics, uses, or benefits that it does not have, or that Defendants' Infringing Website has a sponsorship, approval, status, affiliation or connection with OSM that Defendants do not have.

67. OSM has been damaged by Defendants' deceptive trade practices, and, unless granted injunctive relief by this Court, OSM will continue to be damaged by Defendants' acts under 815 ILCS 510/2-3.

68. OSM is also entitled to recover as yet undetermined amounts of monetary damages pursuant to 815 ILCS 510/3.

69. Upon information and belief, Defendants were aware of the OSM Marks, making Defendants' actions willful and thus entitling OSM to recover its costs and attorneys' fees pursuant to 815 ILCS 510/3.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

70. OSM re-alleges and incorporates by reference paragraphs 1-35 of this Complaint.

71. On information and belief, Defendants were and are aware of OSM's protectable rights in the OSM Marks and other OSM intellectual property.

72. Defendants' using, advertising and marketing, and offering services for sale under the OSM Marks creates, causes and/or contributes to a false association between Defendants and/or the Infringing Website and OSM. Defendants' actions have caused and contributed to consumer confusion as to the origin of, or affiliation between, Defendants and the Infringing Website, and OSM and its services, and have traded unfairly upon OSM's goodwill and reputation, and continue to do so, in violation of OSM's common law rights in its trademarks.

73. Defendants' advertising, marketing, selling and offering services for sale under the OSM Marks and other OSM intellectual property is with knowledge and in willful disregard of OSM's intellectual property rights.

74. Defendants' conduct has irreparably harmed OSM and will continue to irreparably harm OSM unless enjoined by this Court, as a result of which OSM is without an adequate remedy at law.

75. Defendants' use of the OSM Marks and other OSM intellectual property has injured and continues to injure OSM in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Judgment in favor of OSM on Counts I through IV;

B. An Order directing Defendant Namecheap to disable and remove the Infringing Website within 2 days of entry of the Order.

C. Preliminarily and permanently enjoin Defendants and any person acting in concert with them from:

    a. using any of the OSM Marks or other OSM intellectual property, including but not limited to that identified in paragraph 19 above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of OSM's trademarks in connection with any goods or services or in connection with the use, marketing, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any products and services related to order fulfillment;

    b. using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act which can, or is likely to, lead members of the consuming public or trade to believe that Defendants are associated with OSM or that any product or services offered by Defendants is in any manner associated or connected with OSM, or is authorized, licensed, sponsored, or otherwise approved by OSM;

    c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) and (b) above.

D. Declare that the OSM Marks are valid, enforceable, and infringed by Defendants;

E. Award OSM damages resulting from Defendants' infringement of the OSM Marks;

F. That the Defendants, at their own expense, remunerate any entities that were deceived, defrauded, or otherwise confused by virtue of Defendants' misappropriation of the OSM

Marks and other OSM intellectual property within five (5) days after service of judgment with notice of entry thereof;

G. Defendants must deliver up for destruction all goods, advertising, literature and other forms of promotional material bearing or showing OSM's trademarks or a confusingly similar mark pursuant to 15 U.S.C. §1118;

H. Find the case to be exceptional and award appropriate relief thereunder;

I. Award OSM reasonable attorneys' fees;

J. Award OSM interest and costs;

K. Order an accounting for all gains, profits, and advantages derived from Defendants' acts of infringement of OSM's trademarks and trade dress pursuant to 15 U.S.C. § 1117;

L. Defendants must pay OSM punitive damages due to Defendants' willful infringement;

M. Award damages and injunctive relief pursuant to 815 ILCS 510/3;

N. Defendants must report to this Court of their compliance with the foregoing within thirty (30) days of judgment; and

O. For such other and further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 21, 2021

Respectfully submitted,

*/s/ Sartouk H. Moussavi*
Robert H. Lang
Michael A. Parks
Sartouk H. Moussavi
THOMPSON COBURN LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603
P: (312) 346-7500, F: (312) 580-2201
rhlang@thompsoncoburn.com
mparks@thompsoncoburn.com
smoussavi@thompsoncoburn.com
*Attorneys for Plaintiff One Stop Mailing LLC*